Thank you, your honor. May it please the court, Mark Perry for MGM. And I'll try to save two or three minutes for rebuttal. The district court followed this court's decision in Polar Bear, which said that section 507B permits damages occurring outside of the three-year window before suit. In Petrella, the Supreme Court held in so many words that section 507B directs that damages in years outside the three-year window cannot be reached by the plaintiff. Those two holdings are irreconcilable and the Supreme Court's controls. Petrella further explained in no uncertain terms that a successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years. That would be- Excuse me, what do we do about the fact that Petrella holds open the question about the discovery rule, which we have in our circuit, which tells us a different time when the claim accrues and doesn't mention it at all. So all of the language you cite in Petrella is if the claim accrues only with the act of infringement and doesn't even address if the claim accrues when it was discovered. So could you help me with that? Yes, Judge Ikuda, two answers. First, in the discussion part of the Petrella decision, the court actually never uses the word accrue other than in reference to the separate accrual rule, but it refers 11 times in the opinion to a look back period or three years before the filing of suit. The court deliberately avoided the naughty question of accrual by basing the damages period on the filing of suit. The court said four times the plaintiff is limited to retrospective relief three years before the commencement or the filing of suit. It doesn't matter when the claim accrued or under what rule the claim accrued. The court, as the court notes, the Supreme Court set aside that question in footnote four. And it doesn't, excuse me, the statute of limitations 507B refers to when the claim accrued. I mean, that's obviously the starting point for the three years. And I didn't read the Supreme Court as ignoring the language of the statute that they were construing. Of course they didn't, Judge Ikuda. In fact, the very first sentence of Justice Ginsburg's opinion is the quotation from the statute. And the entire opinion is an interpretation of that statute. A claim must accrue within three years. And there are various rules for accrual as laid out in footnotes four, five, and six of that opinion. But whenever the claim accrues, the look back period applies to limit retrospective relief. That is an aspect of the statute of limitations that the Supreme Court expressly adopted at the government's urging in Petrella. Wouldn't that have the effect of doing away with the discovery rule and copyright? It does not, Judge Wardlaw, for a couple of reasons. First, most of these claims like Petrella, like this case, arise in the situation of serial infringement. You know, ongoing performance of a play or movie or television show, ongoing performance of a musical composition and so forth. In a serial infringement case, as the court made elusive, the separate accrual rule applies. And therefore the claim is timely as the later infringements and damages are available through the three-year window. So let me ask you this. If say that somebody discovers an infringement of four years before they file suit, then of course the statute of limitations would have run on that claim because they discovered it four years before the suit was filed. But any claim that was discovered within three years of when the claim, the lawsuit was filed, seems like they would have an action because the claim accrued within the three years before the lawsuit was filed. Why wouldn't that make sense of the accrual provision? Judge Ikuda, I think it does. I think I'm on the same page. The question is what relief is available. The Supreme Court addressed this specifically for the later periods, damages are available. For the earlier ones, they're not. The court said the plaintiff will miss out on damages prior to the three-year look back. That's only if there's infringement, right? So in other words, if the claim accrues when the infringing act occurs, then you can't get damages beyond the three years. But if the claim's accruing because of discovery, I didn't see anything in the opinion that even addresses that issue. If it's discovered within the three years, there's nothing in the opinion that says you couldn't get damages. Your Honor, the opinion says that damages are limited to three years back from the time of suit. That is an absolute bar attendant to the statute that the court adopted in rejecting laches. That is independent or disassociated, as the Second Circuit said, from the accrual question. It doesn't matter what rule is used for accrual, whether it's a discovery rule or an injury rule or a separate accrual or a continuing violation, the court adopted a three-year window for damages. And in fact, in the SCA Hygiene Court case, the Supreme Court reaffirmed that that was the court's own reading construction of Section 507B as including this three-year damages bar. Mr. Perry, if that interpretation is correct, that would mean that the Supreme Court in Petrella noted that nine of the circuits have adopted a discovery rule with respect to accrual, and that the court was not taking a position on the discovery rule, but the court was then saying that even if this discovery rule is valid, you may be able to bring your claim, but you can't recover anything. So basically, your claim is meaningless. Even if it survives under the discovery rule, you can't get any damages. Why would the court do that? That seems to be an absurd result. Judge Beatty, the statute provides for injunctive relief and impoundment, and the court directly addressed this at page 683 in footnote 19, that the successful plaintiff has other remedies than damages if the damages are time barred. And that is the nature of delay. Remember, we're talking here by definition about claims that occurred outside the three-year window, and the Supreme Court said, you can't get them. It just, excuse me, that it's not about claims that occurred outside the three-year window. It's about infringing acts that occurred outside of the three-year window. That's the only thing they were discussing. It is the retrospective relief that attends those independent claims, Judge Ikuda, because each one is a separate cause of action under the separate accrual rule. Right, but if we have a different accrual rule, which the Supreme Court preserved or left open, then the claims accrue within the three years at the point that they're discovered, regardless when the infringing act occurred. That's how I understand our rule works. Your Honor, that's why I think it's so important that Petrella never speaks in terms of time after accrual. It speaks in terms of time before suit as to the retrospective damages limitation. The court was very- Isn't Petrella, isn't that a fact situation where the court's assuming, the court's not applying a discovery rule. That wasn't an issue. And Petrella, the plaintiff, knew full well of the infringing acts or the alleged infringing acts for many years. And that's why there was an assertion of a latches defense. And so the court wasn't considering a circumstance where the plaintiff discovered their claim and thus it accrued within the three years before filing suit. That's not factually correct, Judge Beatty. There was a discovery rule question in Beatty. I mean, in Petrella, the first, the case, there was a 19 year period and there was an eight year period where they claimed the discovery rule and then a later period where they claimed knowing sitting on their rights. So there was definitely a discovery rule issue in Petrella. And it doesn't matter is the real answer because the court noted the discovery rule in passing. Had it made a difference to its opinion, it would have had to decide the question. And we submit would have rejected the discovery rule. I mean, the last three times the court has looked at the discovery rule, it has said it doesn't apply, right? And so the court hasn't affirmed a discovery rule in 20 years. And so it is a disfavored doctrine. The court set it aside for purposes of the Copyright Act because it didn't have to address it. And it adopted an express three year look back that makes the claim or excuse me, that makes the damages limitation agnostic as to the accrual rule, right? Whether the discovery rule applies or doesn't or whether the plaintiff or for that matter, equitable estoppel. It is also agnostic as to equitable estoppel. If equitable estoppel applies, then there are claims that are available, but you may not be able to get damages for them. You can get an injunction, you can get impoundment, you can get equitable relief, but you can't get damages. That was the bargain, the compromise, the trade-off that the court adopted in Petrella to account for delay. And that's what the Second Circuit held in Soham, right? The Second Circuit confronted this exact issue. It said the discovery rule applies to accrual, but the three-year damages bar must be enforced. It's on all fours with this case. I think my friend on the other side agrees that the court could not affirm here without creating a direct circuit conflict with the Second Circuit on precisely the same question that the Supreme Court decided in Petrella and reaffirmed in SCA Hygiee. Reiterated that that was a construction of the Copyright Act driven in part by separation of powers concerns. Your Honor, if I could reserve, I'd like to make one final point though, if I may. It's an irony in this case that MGM, my client, the defendant, is the copyright holder, right? We hold thousands and thousands of copyrights. We are the plaintiff and the defendant in many of these suits. This case is being brought by a licensee against the copyright holder. They want money, it's really a contract claim, but the real copyright holder, right, the rights holder here is MGM. And we face this situation on both sides and the damages bar we think is fair to both plaintiffs and defendants because it provides certainty to copyright litigation. It is what the Supreme Court adopted in order to account for delay, knowing delay or unknowing delay. It was a counterpoint to the reality  there is almost always delay in that period of time. So you're not disputing you awarded STARS an exclusive license and then turned around and awarded the same license to other people. You know, those facts, Your Honor, will be decided later, you know, what actually happened. We are, you know, here accepting their allegations, of course, is true. We're on a motion to dismiss, but by the same token, my friends on the other side don't dispute that if Petrella is applied by its terms 126 titles, 384 copyright claims are out the window. And so that's what we're asking the court to agree with, to reverse and to order that. Thank you, counsel. Thank you. All right, Mr. Earnhardt. Yes, good morning, excuse me. May it please the court, Wes Earnhardt for STARS Entertainment. Excuse me. There's no question that STARS' copyright claims are timely under Ninth Circuit law as it currently exists. And as it has existed for the last several decades. MGM seeks the creation of a new damages bar that's never been recognized in this circuit. It asks that different statute of limitations apply to copyright claims, depending on the relief sought by those claims, effectively morphing a single statute of limitations into two. And MGM would forbid damages as a remedy in discovery rule cases. Whereas permitting damages for newly discovered claims has been the very purpose of the discovery rule in the circuit. And MGM is straightforward in its argument. It seeks to impose those changes on Ninth Circuit law because it says the Supreme Court of Petrella established a new standalone damages bar. But the Supreme Court frankly did not do so. And we know that for a few reasons. First, the Supreme Court in Petrella did not say it was creating a new standalone damages bar. And that's telling. The Copyright Act Statute of Limitations has been around since 1957. No court before Petrella had ever suggested that it contained any sort of damages bar. Every court of appeals presented with the issue had adopted a discovery rule to determine when claims accrue and that permits damages more than three years before the suit was filed if the claims were discovered later. If the Supreme Court had intended to disrupt that precedent by creating a new damages bar, it would have said so. It was explicit when it eliminated latches as a defense. Judge Ginsburg wrote, quote, "'Latches we hold cannot be invoked "'to prejudice adjudication of a claim "'for damages brought within the three-year window.'" That's what the Supreme Court identified itself as the holding of Petrella. And there's no similar language for any damages bar. To the contrary, the Supreme Court in Petrella expressly preserved the discovery rule, a rule that permits damages outside of the three-year window. Now, Mr. Perry said that the Supreme Court never uses the word accrue in the discussion part of the case. That's simply incorrect. Page 670 of Petrella, the court says, quote, "'A copyright claim thus arises or accrues "'when an infringing act occurs.' And it says, although we have not passed on the question, "'Nine courts of appeals have adopted "'as an alternative, a discovery rule.'" So what the Supreme Court did is it said, we're gonna acknowledge at the outset that there's this different kind of case, a discovery rule case, that the vast majority of courts, that's what it says in footnote four, follow. Then it set aside the issue of the discovery rule because in Petrella, the plaintiff had not sought to avail herself of the discovery rule. She only brought claims for occurrences that had happened within the three-year period, except it added footnote four to make clear that by talking in an injury rule way, because that's what the case presented, it wasn't meaning to upend discovery rule case law. And in fact, a few years later, the Supreme Court and SCA hygiene actually says that the Supreme Court did not pass upon the discovery rule in Petrella. And in this case, both in the district court and in this opening brief, MGM concedes that the discovery rule still operates to determine when a claim accrues under the Copyright Act. It can't reverse course. In the reply brief, it can't reverse course today. It's waived any argument that the discovery rule doesn't apply. And now why is that important? I think it's important to be precise about what the discovery rule means. What it is, the Supreme Court was preserving with footnote four, and what it is, we all agree, still applies to determine accrual. Here's how the court in polar bear defined the discovery rule. Quote, section 507B permits damages. That's the key language, permits damages occurring outside of the three-year window, so long as the copyright owner did not discover and reasonably could not have discovered the infringement. The discovery rule has always been about permitting damages for more than three years before the suit was filed. MGM's damages bar is exactly the opposite. It would have, it would forbid damages. So the Supreme Court of Petrella preserved the discovery rule, let it stand. MGM's interpretation of Petrella would overrule it. That means MGM's interpretation of Petrella must be incorrect. On the issue of injunctive relief, I want to cover this quickly. There would be no injunctive relief under a discovery rule case. MGM misinterprets the separate accrual rule. Each act of infringement gives rise to a separate claim. If you're relying on the discovery rule to bring a claim related to that infringement, it necessarily can't be that you can seek injunctive relief about it because by definition, that claim has come and gone three years ago. Otherwise you would not need to rely on the discovery rule in order to bring a claim related to it. I think it's important to recognize that there's actually no tension at all between a proper reading of Petrella and this court's holding in Polar Bear. Petrella addressed the question of whether once the statute of limitation begins to run, can latches be used to shorten it or eliminate it? Polar Bear, on the other hand, addressed the different question. What causes the statute of limitation to begin to run? What counts as accrual? And it held that the discovery rule does that. Now, those two rules can work together. We know that for sure. How do we know that for sure? Because in 2019, in the Media Rights versus Microsoft case, this court cited those rules together. At page 1022 of that opinion, the court first quoted Polar Bear, the same quote I just read to explain what the discovery rule is. And then immediately following that, this court wrote, I quote, in addition to the discovery rule, the separate accrual rule applies, quoting Petrella. So this court has already harmonized Polar Bear and Petrella. By the way, before the second circuit decided song, come back to that in a minute. But we know that Polar Bear and Petrella can work together in harmony because the court has already cited them together. Second point, the court's rationale for eliminating latches in no way depended on there being a separate damages bar. Congress defining what the statute of limitation period is in copyright cases is what made latches inappropriate. The majority opinion in that case repeatedly emphasizes that point. On page 679 of Petrella, the majority writes, quote, in face of a statute of limitations enacted by Congress, latches cannot be invoked to bar relief. The majority goes on to explain that the Supreme Court had never allowed latches to shorten a federally mandated statute of limitations period, has nothing to do with any damages bar. It's the fact that Congress had decided that folks have three years after accrual and you can't use latches to shorten that period. Third point, the text of the Copyright Act is incompatible with any damages bar. There's no damages bar mentioned in the text of the Copyright Act. There's no indication in the Copyright Act there's more than one rule. There's one statute of limitation. So that argument is less persuasive because there's no discovery rule in the Copyright Act. Well, Your Honor, the Copyright Act does use the word accrue. It didn't have to. Right, that's right. Congress could have used an occurrence rule and it didn't, it used the word accrue. And this court in Polar Bear interpreted accrue to mean the discovery rule. And the Supreme Court didn't touch that and MGM doesn't contest it. So the discovery rule's there, that's the law. There is nothing like a damages bar in the text of the Copyright Act. And in fact, section- So can you explain to me how the Second Circuit and SOME arrived at its notion that damages beyond the three-year period would be unavailable? Yes, Your Honor. Sitting here in Manhattan, I say this, I don't say this lightly, but I think the Second Circuit just got it wrong. There was a lot going on in that appeal. There was a cross appeal. There were numerous issues on the direct appeal. The parties didn't do the court any favor because they briefed the issue of damages separately from the issue of accrual. And so I believe the SOME court made the same mistake that MGM makes here and the same mistake that MGM urges here, which it read statements in Petrella out of context. And by reading them out of context, gave them meaning broader than the Supreme Court intended. It failed to account for the fact, there's no indication that in that part of its opinion, the court realized that Petrella, the plaintiff, had only brought claims within the three years. And therefore, when the court was talking about when damages are available, it was just deciding the facts of the case before it, not making some pronouncement about how it works in every case. It gave short shrift to the significance of footnote four in Petrella, which had the court not put that footnote in, it would be a much more difficult case, but it's there. At the very beginning of the case, the first time it discusses accrual, the Supreme Court says, look, we know there are these other types of cases. We're acknowledging that. We acknowledge that every court, every court of appeals to address that question has adopted a discovery rule, but now we're gonna set that aside and we're just gonna decide the case before us. So I believe with all respect to the Second Circuit, they just got this one wrong. One more point about SOM. I believe MGM has the sequence of opinions wrong here. Petrella was decided in 2014. In 2019, this court decided Media Rights versus Microsoft, in which it cited both Polar Bear and Petrella harmoniously. Then in 2020, the Second Circuit decided SOM, which is directly contrary to Polar Bear because we agree it prohibits damages outside of the three-year window in SOM, no matter whether the discovery rule applies or not. So the Second Circuit became the outlier with SOM and went off the track of where this court had already gone with Media Rights versus Microsoft. So Mr. Arnard, are you saying that the Second Circuit has created the circuit split that we would not be creating the circuit split? That's correct, Your Honor. And in fact, if you think about what the circuit split is, there are seven other circuits in addition to this one that have a discovery rule that permit damages without any reference to a damages bar. Have those circuits addressed how Petrella might affect their holdings on the discovery rule? The circuits have not, Your Honor. There have been district courts in those circuits that have, and almost uniformly, there are a few outliers, but almost uniformly, they reject it. But the circuit split here, if there is one, was created by the Second Circuit when it diverged from Media Rights versus Microsoft in creating the damages rule. So just to return for a minute to the basics, so how does the statute of limitations work under Petrella in the Ninth Circuit? I think it's pretty straightforward and it's entirely consistent with existing Ninth Circuit law. First, each act of infringement gives rise to a separate claim. That's the separate accrual rule that was first laid down by this court in Rolle in 1994, and that rule was adopted by the Supreme Court of Petrella in 2014. But the first rule is each act of infringement gives rise to a separate claim. Second, each claim accrues when it is or should have been discovered. That's the holding of this court in Polar Bear, which footnote four of Petrella expressly did not touch. And again, Polar Bear and Petrella both cited in Media Rights versus Microsoft. Third, the copyright holder has three years, no more and no less, to bring suit from the date of that accrual. Latches can't shorten the three-year window, but once that three-year window expires, that separate claim, based on that infringement, is gone for good. That's the holding of Petrella in 2014. There's no tension between any of those rules. They work together harmoniously to explain how copyright works, and there's frankly no reason for this court to change them. In the last couple of minutes I have, I'll just say a few words about public policy. Copyright infringement is becoming easier to do, but harder to detect. Not only for stars and companies like stars, but for all manner of creators, both big and small. Everything from romance novelists, we have some amici from them, to software engineers, depend on copyright to protect their works. This circuit decided decades ago that innocent copyright holders should not be prejudiced if infringers are good at hiding their infringements. And there's no reason to change that policy and every reason to uphold it. So unless there are questions, I'll end where I began. Petrella did not touch the discovery rule. It's alive and well. As a result, each of stars' copyright claims are timely because they were each brought within three years of when they accrued as the district court correctly held. All right, thank you, counsel. Mr. Perry, you have a few minutes left. Thank you, your honor. Every word my friend, Mr. Earnhardt just said is answered by Justice Ginsburg. If I could quote from page 672 of Petrella, Congress provided section 507B's limitations period allows plaintiffs to gain retrospective relief running only three years back from the date the complaint was filed, period. End of quote. It says that four more times in the opinion. This is not a stray comment. This was central to the case. It says 11 times in the opinion that it's a look back period, a retrospective period and a bar. And to answer Polar Bear, Polar Bear says damages are available outside the window. Petrella uses the same language, outside the window and that they cannot be reached by the plaintiff. So other than the discovery rule, I think we are all in agreement that Petrella puts in a damages bar. So then does Petrella, does the discovery rule require this court to disregard the Supreme Court's construction of 507B in Petrella? I would answer no for three reasons. First, SCA hygiene, while emphasizing that Petrella didn't address the discovery bar, didn't look on it all that favorably and emphasize with what the Petrella court did hold, which was to construe 507B as imposing a three year look back period. That's a reiterated holding of the Supreme Court. Second, footnote four of Petrella was simply acknowledging the discovery rule. And as I said, the opinion itself doesn't refer to accrual. And I was very clear, I said the discussion part, part three of the court's opinion, where the court's analysis is, never discusses accrual other than a context of separate accrual, because accrual doesn't matter to the Petrella rule. Third, this was a rule before Petrella. My friend is wrong. It comes from the Peter Lattaressi case from the 11th circuit from 2008 in footnote 39 of that opinion, which is cited in Petrella in footnote five. This comes straight out of the government's brief, almost word for word at pages 13 and 14, where the government made this argument that the Copyright Act imposes a three year retrospective bar and the Supreme Court accepted it in Petrella. And so it was there in the circuits and it is inconsistent with Polar Bear. We know that too, because the seventh circuit had a case essentially the same as Polar Bear called Taylor versus Myrick, which the government cited in its brief in Petrella for the proposition that you can reach back and get damages outside the three year window. And the Supreme Court copied that footnote, which includes the citation to this court's decision in Rowley from the government's brief, but it omitted any reference to Taylor versus Myrick. Taylor versus Myrick doesn't appear in the Petrella opinion. So Justice Ginsburg, one of the most careful prose stylists we've known on the Supreme Court a civil procedure expert and a copyright expert knew exactly what she was doing when she wrote 11 times that the Copyright Act statute of limitations bars damages more than three years before suit. And that does not leave holders without a remedy. They have impoundment, they have injunctions and the court, Mr. Earnhardt said that's a meaningless remedy. Justice Ginsburg again disagreed. Footnote 19 explains why in a serial infringement case, including under the separate accrual rule injunctive relief is valuable. This court should follow what the Supreme Court said. It is the binding law of the land construing 507B and it requires rejection of all of the claims at issue here. All right, thank you, counsel. STARS versus MGM is submitted and this session of the court is adjourned for today.
judges: WARDLAW, IKUTA, BADE